FILED

01 JAN 30 AM 10: 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 3 0 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

GREENE COUNTY ECONOMIC         ]
AND INDUSTRIAL                 ]
DEVELOPMENT BOARD, INC.,       ]
                               ]
    Plaintiff,                 ]    CV-00-N-2460-W
                               ]
    vs.                        ]
                               ]
GREAT AMERICAN INSURANCE       ]
COMPANY, DUCKWORTH             ]
MORRIS AGENCY, and WILLIAM     ]
S. PROUT, JR.,                 ]
                               ]
    Defendants.                ]

## MEMORANDUM OF OPINION

### I.  Introduction

The court has for consideration plaintiff's Motion to Remand [Doc. 6] and Motion to Strike Amendment to Notice of Removal [Doc. 11]. The Motion to Remand has been fully briefed[1] and both motions are ripe for decision. Upon due consideration, the Motion to Strike Amendment to Notice of Removal is **GRANTED** and the Motion to Remand is **GRANTED**.

### II.  Statement of Facts

Plaintiff is suing defendants for breach of contract, bad faith, and fraud. Defendant Great American removed the case. In the Notice of Removal, Great American explained that they removed the case because the cause of action against Great American is separate

---

[1] The Court did not order a briefing schedule on the Motion to Strike Amendment to Notice of Removal.



and independent from the claims against the other defendants and there is diversity of citizenship between Great American and Greene County. The Notice of Removal was filed on September 5, 2000. An amendment to the Notice was filed on September 21, 2000, citing fraudulent joinder as an additional basis for removal.

### III. Motion to Strike Amendment to Notice of Removal

Plaintiff motion is **GRANTED**. The amendment was filed 16 days after the 30-day window required by 28 U.S.C. § 1446 during which defendants must file their notice of removal. Moreover, the amendment was a new ground for removal, not the explanation or clarification of an existing ground for removal. *See, e.g., American Educators Financial Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (1996) ("After [the 30-day period allowed for removal,] the notice may be amended only to set forth more specifically grounds for removal which were imperfectly stated in the original petition.").

### IV. Motion to Remand

The relevant statute states that

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Simply stated, the separate and independent claim must be based on a federal question (28 U.S.C. § 1331), which allows the entire case to be removed. In the case at hand, there are no federal questions. This court has no jurisdiction over this case. Plaintiff's Motion to Remand is **GRANTED**.

An appropriate judgment will be entered this memorandum of opinion.

Done, this **29th** of January, 2001.

EDWIN L. NELSON<br>
UNITED STATES DISTRICT JUDGE